IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS GOLDSON, # 246145, ) | Civil Action No. 3:05-189-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICER BRACY; ) | |
| SGT. VON; ) | |
| OFFICER TUCKER; ) | |
| SGT. PUGH; ) | |
| OFFICER LEVEY; AND ) | |
| OFFICER TRIPLET, JR., ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on January 28, 2005.[1] At the time of the alleged incidents, he was incarcerated at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff is currently incarcerated at the Warren Correctional Institution in Manson, North Carolina. Defendants, all employees of SCDC, are Officer Bracey, Officer Levy,[2] Sgt. Von, Officer Tucker, Sgt. Pugh, and Officer Triplett, Jr. On May 2, 2005, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on May 27, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On October 25, 2005, the

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] Plaintiff has incorrectly spelled the names of Defendants Bracey, Triplett, and Levy. See Defendants' Motion for Summary Judgment; Levy, Triplett, and Bracey Affs.

undersigned extended the time for Plaintiff to file a Roseboro response. Plaintiff filed a response on November 16, 2005.[3]

## DISCUSSION

Plaintiff's allegations concern a cell "shakedown"[4] and strip search on February 13, 2004. He claims that Officer Triplett "put his hands on me and start[ed] pulling down my pants himself all the way to my knees, then he puts his hand on my butt[ocks] and r[an] his thumb up the crack of my butt[ocks] real slow." Complaint at 3. Plaintiff alleges that female officer Bracey held a video camera and taped the incident; correctional officer Tucker ordered Plaintiff to shut up and sit down after the strip search was over; and that all Defendants, including female officer Levy, watched the strip search and smiled. Complaint at 3-4. Plaintiff alleges that Defendants' actions constituted cruel and unusual punishment and violated his Eighth and Fourteenth Amendment rights. Defendants contend that they are entitled to summary judgment because: (1) Defendants are not persons as defined by 42 U.S.C. § 1983; (2) Plaintiff fails to establish an Eighth Amendment cruel and unusual punishment claim; (3) Plaintiff fails to establish a Fourteenth

---

[3]In his response, Plaintiff continues to request a videotape of the alleged incident. Defendants have repeatedly stated that no such videotape exists. In preparing this report and recommendation, the undersigned has also considered Plaintiff's pleadings filed May 12 and June 16, 2005.

[4]An inmate has no expectation of privacy in his prison cell, therefore he cannot be subjected to an "illegal" or improper search of his cell. When it considered this issue, the Supreme Court noted that, "prisons are not beyond the reach of the Constitution," but also found that prisoners are accorded only those rights which are "not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." Hudson v. Palmer, 468 U.S. 517, 523 (1984). Although the court discussed the wide variety of situations in which prisoners retain constitutional rights, it noted that inmates' rights were curtailed in many areas, including any "subjective expectation of privacy that a prisoner might have in his prison cell. . ." Id. at 526.

2

Amendment claim; (4) Defendants are entitled to qualified immunity; (5) Plaintiff has failed to exhaust his administrative remedies;[5] (6) Plaintiff's claims for relief are moot; and (7) this action should be dismissed pursuant to 28 U.S.C. § 1915 and should count as a strike.

1.     Grievance/Investigation

To the extent that Plaintiff is attempting to assert a constitutional claim concerning the grievance process, his claim fails. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

2.     Harassment

Plaintiff alleges that Defendants smiled at him during the strip search. This type of conduct is, at most, analogous to verbal abuse by guards, which, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983); see also Roden v. Sowders, 84 Fed. Appx. 611 (6th Cir. 2003) (allegation that correctional officer laughed at prisoner during a strip search not actionable under § 1983).

---

[5]It is unclear from the materials presented whether Plaintiff has now exhausted his administrative remedies.

      3.      <u>Cruel and Unusual Punishment/Excessive Force</u>

Plaintiff alleges that his Eighth Amendment rights were violated because Defendants' actions in strip searching him amounted to cruel and unusual punishment. Defendants contend that Plaintiff fails to establish an Eighth Amendment[6] violation because he did not allege any injuries. David Dunlap, Associate Warden of KCI, states that any use of force on an inmate is reported and a management information note is created in SCDC's Offender Management System. He states that there is no record in the system of any use of force against Plaintiff on February 13, 2004. Dunlap also provides that female correctional officers can conduct cell shakedowns, but do not participate in strip searches of male inmates. Dunlap Aff. Levy and Bracey deny participating or witnessing a strip search of Plaintiff. Levy and Bracey Affs. Triplett states that he never touched Plaintiff in an improper manner. Triplett Aff. Tucker states that he does not recall an incident with Plaintiff regarding a cell shakedown or strip search. Tucker Aff.[7]

Determination of whether cruel and unusual punishment has been inflicted on a prisoner in violation of the Eighth Amendment requires analysis of subjective and objective components.

---

[6] Plaintiff also alleges that his Fourteenth Amendment rights were violated. Plaintiff's claims are properly analyzed under the Eighth Amendment rather than the Fourteenth Amendment because at the time of the alleged incidents he was a convicted prisoner and not a pretrial detainee. To the extent that Plaintiff is attempting to assert a due process claim, his claim fails because he has not shown that he was deprived of life, liberty, or property by governmental action. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997).

[7] It is unclear whether Plaintiff is attempting to assert a claim concerning his being strip searched in the presence of female correctional officers. In Lee v. Downs, 641 F.2d 1117 (4th Cir.1981), the Fourth Circuit stated that "when not reasonably necessary, [involuntary exposure of genitals to members of the opposite sex] is not to be visited upon those confined in our prisons." Id. at 1119. In his Complaint, Plaintiff does not allege that his genitals were exposed to correctional officers of the opposite sex.

See Wilson v. Seiter, 501 U.S. 294, 302 (1991).  The objective portion of an excessive force claim requires a prisoner to show that the injury inflicted was sufficiently serious.  Although a plaintiff need not show a significant injury, see Hudson v. McMillian, 503 U.S. 1, 7 (1992), the Fourth Circuit, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis."  Norman v. Taylor, 25 F.3d at 1263.  Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis.  See id. at 1262-63.  With only de minimis physical injury, a prisoner may only recover if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind."  Id. at 1263 n. 4.   The Fourth Circuit has explained:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain.  In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

Id. at 1263, n. 4.

In his Complaint, Plaintiff did not allege that he sustained any injuries as a result of the alleged actions.  He has not shown that his injuries were anything more than de minimis and thus he fails to establish a constitutional claim.  Further, review of Plaintiff's medical records (attachment to Brenda Dash-Frazier Aff.) does not reveal any physical injury or serious emotional injury as a result of the alleged incident.  There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under

5

§ 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[8]

42 U.S.C. § 1997e(e).

Plaintiff's medical records reveal that he was examined by SCDC health services on February 14, 2004 (the day after the alleged incident), at which time he complained of cold symptoms and requested more Septisol (skin cleanser). On February 17, 2004, Plaintiff complained of a sore throat, runny nose, and cough. He was examined by medical personnel on February 24, 2004, after an incident in which he was maced. It was noted that Plaintiff was in no respiratory distress and was talkative and cheerful. Plaintiff was examined in the blood pressure clinic on February 25, 2004. He was examined in the mental health clinic on March 12, 2004, at which time he merely expressed that he was experiencing some stress. Plaintiff's acne was treated on March 19, 2004. On May 4, 2004, Plaintiff expressed that he had stress and anxiety over an incident that occurred a few weeks before when he was allegedly sexually

---

[8]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

assaulted by staff. Even if this concerns the February 13, 2004 alleged incident, staff noted that Plaintiff did not appear anxious or stressed.

Plaintiff has not shown that the alleged isolated and brief touching incident rises to the level of severity necessary to be "objectively, sufficiently serious" to state a violation of constitutional proportion. He also fails to show that this alleged one time touching of him by Triplett constituted "punishment" in violation of the Eighth Amendment. See Cain v. Rock, 67 F.Supp.2d 544 (D.Md. 1999)(random sexual assault by prison guard was not punishment for Eighth Amendment purposes)

    4.    Violation of SCDC Policies

Plaintiff appears to complain that Defendants failed to follow SCDC policies and/or procedures. An allegation that an SCDC defendant did not follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

    5.    Requested Relief

Plaintiff has not requested any monetary damages. As relief, he asks for a copy of the videotape of the incident, for all Defendants to take a lie detector test concerning the incident, to have witnesses speak on his behalf, to have an investigation conducted to determine whether internal affairs at SCDC received a copy of his grievance, and for the case to go to trial.

Complaint at 5. Plaintiff's claims for injunctive and declaratory relief are moot, as he has been transferred to another institution. See <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991); and <u>Ross v. Reed</u>, 719 F.2d 689 (4th Cir. 1983).

      6.    <u>Immunity</u>

Defendants argue that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. <u>Id.</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and,

therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 14) be granted.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

February 24, 2006

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
